# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **DANIEL DELANE COOK,** : | |
| : | |
| Petitioner, : | |
| : | NO. 3:21-CV-00087-CDL-CHW |
| VS. : | |
| : | |
| **WARDEN EDWARD PHILBIN,** : | |
| : | |
| Respondent. : | |
| : | |

## ORDER ON MOTION FOR RECONSIDERATION

*Pro se* Petitioner Daniel Delane Cook filed his complaint in the Northern District of Georgia on July 13, 2021. ECF No. 1. Petitioner's civil action was thereafter transferred to this Court. ECF Nos. 2 and 3. On July 28, 2021, Petitioner was ordered to amend his complaint and to either submit a statutorily complete motion to proceed *in forma pauperis* or pay the full filing fee. ECF No. 5. Petitioner failed to respond. Therefore, on August 27, 2021, the Court notified Petitioner that it had not received a response and ordered him to show cause why his action should not be dismissed for failure to comply with a court order and diligently prosecute his claims. ECF No. 6. The Court unambiguously informed Petitioner that his action would be dismissed if he failed to respond. *Id*. Petitioner again failed to respond. Because Petitioner failed to comply with the Court's orders or otherwise prosecute his case, his petition for habeas relief was dismissed without prejudice with judgment entered for the Respondent on September 20, 2021. *See* ECF Nos. 7 and 8. Now before the Court is Petitioner's motion for reconsideration. ECF No. 9.

Petitioner wrongly addressed and mailed his motion for reconsideration to the Northern District of Georgia. *See* ECF No. 9-1. The Northern District of Georgia later forwarded the motion to this Court. *See* ECF No. 9-2. Petitioner's wrongful submission of his motion to the Northern District of Georgia caused considerable delay and thus, this motion was not docketed in this Court until December 5, 2022. ECF No. 9. The prison mailbox rule requires that a *pro se* prisoner's filing be deemed filed on the date it is delivered to prison officials for mailing. Absent evidence to the contrary, the date the prisoner signs the document is considered the date delivered. *See Daniels v. United States*, 809 F.3d 588 (11th Cir. 2015). The Court can find no evidence which substantially contradicts the date given by the Petitioner for when he presented his pleading to jail officials for mailing. Thus, this Court will consider Petitioner's motion as having been filed on the date he signed his document which is September 2, 2022. *See* ECF. No. 9.

Petitioner does not indicate whether he seeks reconsideration pursuant to Federal Rule of Civil Procedure 59 or Federal Rule of Civil Procedure 60. Rule 59 provides that a motion to alter or amend judgment must be filed within "28 days after the entry of judgment." Fed. R. Civ. P. 59(e). At the time of the filing of Petitioner's motion for reconsideration, this case had been closed for approximately eleven months. Because Petitioner's motion is time-barred under Rule 59, Petitioner's motion is construed as being brought under Rule 60.[1] Fed. R. Civ. P. 60(b) states that:

---

[1] Fed. R. Civ. P. 60(b)-(c)(1) provides that a motion for relief from judgment based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . [or] (3) fraud" must be brought "[n]o more than a year after the entry of judgment".

the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Petitioner has not shown that relief is warranted based on the existence of any of these factors. In fact, Petitioner provides no legal grounds at all for reconsidering the judgment in this case. *See id.* Petitioner only relitigates his reasons that he seeks the overturning of his state court conviction. *See id.* Moreover, Petitioner filed another habeas petition with this Court on March 1, 2023, that is currently in frivolity review. *See Cook v. Philbin*, Case # 3:23-cv-00028-TES-CHW. Thus, to any extent Petitioner seeks to have the Court reopen or set aside judgment in this case, the motion is **DENIED**.

**SO ORDERED**, this **15th** day of **May, 2023**.

S/Clay D. Land
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT